The People of the State of New York, Respondent,
against
Sophia A. McWill, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Robert C. McGann, J.H.O.), rendered April 8, 2014. The judgment convicted defendant, after a nonjury trial, of violating New York City Administrative Code § 16-118 (6).




ORDERED that the judgment of conviction is reversed, on the facts, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged with urinating in public in violation of New York City Administrative Code § 16-118 (6), which provides that
"[n]o swill, brine, offensive animal matter, noxious liquid, or other filthy matter of any kind, shall be allowed by any person to fall upon or run into any street, or public place, or be taken to or put therein."
At a nonjury trial, a police officer testified that, at approximately 11:10 p.m. on December 23, 2013, in the vicinity of 103rd Avenue and 99th Street in Queens County, he had observed defendant, standing behind a parked van with her pants down, urinating on the sidewalk. The officer further stated that he subsequently temporarily lost sight of defendant, after which he observed her with her pants pulled up. The officer noted that it was too dark to see any substance on the ground. The officer issued defendant a summons for violating Administrative Code of the City of New York § 16-118 (6). Defendant testified, among other things, that she had not urinated on the sidewalk. Following the trial, the Criminal Court found defendant guilty of the charge.
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we find that the verdict of guilt was against the weight of the evidence (see CPL 470.15 [5]; People v Romero, 7 NY3d 633 [2006]). Other than the officer's questionable testimony that he observed defendant, late at night, urinating behind a parked van, there was nothing else to establish defendant's guilt of public urination. The officer was driving southbound when he claimed to have observed defendant on the south side of a parked van, squatting with her pants down. However, when he stopped his car to approach her, she was fully clothed. The officer admitted that it was dark and that he never saw defendant pull her pants back up, nor did he see any evidence of urine on the street. In contrast, defendant denied urinating on the sidewalk, maintaining that she was waiting for a taxi after retrieving some of her belongings from a nearby storage facility. On this record, where the officer's observations were made late at night and where there was no proof of any offensive liquid on the ground, it cannot be said that defendant's conviction was supported by the weight of the credible evidence.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: August 02, 2016